CITY NATIONAL BANK AND TRUST CO. OF MIAMI, FLORIDA,
*v.* THE CITY OF KNOXVILLE.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

144

LEE, PRICE, McDERMOTT & MEEK, for complainant, appellant.

FRANK MONTGOMERY and W. H. PETERS, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

*(1)* This case is presented under the declaratory judgments law for advice of the court as to the relative rights of a judgment creditor of J. T. Toms and of a vendee of said Toms under an unregistered deed with respect to land in Knoxville.

On May 13, 1918, in consideration of $1800, Toms conveyed to the City of Knoxville said lot there located. The city went into possession immediately, fenced the lot, and has held it adversely under inclosure ever since. By inadvertence the deed of Toms to the city was not recorded.

On July 6, 1926, The City National Bank & Trust Company of Miami, Florida, loaned Toms $450. He did not pay the note and on November 17, 1927, the bank obtained a judgment against him at Knoxville for the amount of the note with interest and attorney's fee, and a levy was made upon the lot above mentioned, as the property of Toms, on April 13, 1928.

Before proceeding further under its execution, it seems that counsel for the bank had a conference with counsel for the city, as stipulation of facts was entered into, and the matter presented to the Chancellor for a declaration of the rights of the parties, as aforesaid. The Chancellor's declaration was favorable to the city and the bank has appealed.

*(2)* Section 2, chapter 28 of the Acts of 1919, carried into Thompson's-Shannon's Code at Section 4458, is as follows:

"No person, or anyone claiming under him shall have any action, either at law or in equity, for any lands, tene-

ments, or hereditaments, but within seven years after the right of action has accrued.''

Under the foregoing, a naked trespasser who may have taken and held possession of land of another adversely for seven years, without any color or pretense of right, is protected in that possession to the extent of his inclosures. *Dyche* v. *Gass,* 11 Tenn. (3 Yerg.), 317; *Wallace* v. *Hannum,* 20 Tenn. (1 Humph.), 443; *Hammett* v. *Blount,* 31 Tenn. (1 Swan), 385.

*(3)* This possessory right, or defensive title as it is sometimes called, continues as long as the actual possession is maintained.

The indebtedness of Toms to the bank, as before stated, was incurred July 6, 1926, more than eight years after his deed to the city was made and the possession of the city began. Had the conveyance from Toms to the city been recorded, even though voluntary or fraudulent, instead of upon a fair consideration, the bank, a subsequent creditor, could not have impeached said conveyance. *Long* v. *True,* 149 Tenn., 673; *Nelson* v. *Vanden,* 99 Tenn., 224.

There is no showing that in extending this credit the bank knew anything of Toms' record-title to this land. If the bank had any actual knowledge of the land, it must have been likewise apprised of the open and notorious possession of the city.

*(4)* The case of the bank, therefore, must rest altogether upon our registration laws.

After providing in previous sections for recording various writings, the Code, Section 3752, Thompson's-Shannon's, enacts:

''Any of said instruments not so proved, or acknowledged and registered, or noted for registration, shall be

null and void as to existing or subsequent creditors of, or bona-fide purchasers from, the makers without notice, and, in case of marriage contracts, shall be void as to existing or subsequent creditors of the husband, or purchasers from him without notice.''

(5) This Court has given full effect to the statute just quoted. An unregistered deed is held void as against creditors of the vendor, notwithstanding they are creditors subsequent to such deed and have actual knowledge thereof. *Hunt* v. *Curry,* 153 Tenn., 11; *Wilkins* v. *McCorkle,* 112 Tenn., 688; *Coward* v. *Culver,* 59 Tenn. (12 Heisk.), 540.

(6) Most courts do not go so far in the construction of recording acts similar to ours. 34 C. J., 609.

(7) But suppose, as to the bank, the deed herein is absolutely void and treated as nonexistent. Nevertheless the bank is profited little, if at all. The right of the city to hold this land does not depend on the deed so long as its possession is maintained. The possessory right of the city is complete by reason of the statute without any deed at all. Until the possession of the city is surrendered, he right to possession of said lot is not remitted to the holder of the legal title. *Hammett* v. *Blount, supra.* The seizure of the legal title, therefore, under the execution does not affect the present possession. Section 3752, Thompson's-Shannon's Code, relied on by the bank, does not reach the case before us.

We accordingly attain the conclusion that the bank has no lien upon the land in question by reason of the judgment and levy of execution which takes priority over the city's possessory right to said land.

The decree of the Chancellor is affirmed and the costs taxed to the complainant bank.