FEDERAL SURETY COMPANY *v.* UNION INDEMNITY COMPANY, *et al.*

(*Knoxville.* September Term, 1930.)

Opinion filed December 15, 1930.

622

C. S. Littleton and Sizer, Chambliss & Kefauver, for complainant, appellee.

Finlay & Campbell, S. H. Ford and Joe V. Williams, for defendants, appellants.

Mr. Justice McKinney delivered the opinion of the Court.

Hunter, as trustee of Hamilton county, executed an official bond in the sum of $300,000, with the two above-named companies as sureties. The liability of the Federal Company was limited to $125,000 and that of the Union Company to $175,000; and in the event of loss the liability of the sureties was to be in proportion to the aforesaid indemnity.

Cliff, as Hunter's assistant, executed a bond to him in the sum of $5,000 with the Union Company as surety. Hunter misappropriated $10,000 and Cliff $5,000. The State and county recovered $15,000 on the Hunter bond; that is, $6,250 against the Federal Company and $8,750 against the Union Company.

The Federal Company, by the bill filed in this cause, claims that it paid $2,083.33 of Cliff's misappropriations, which was the obligation of the Union Company, and seeks a decree for that sum.

The defendant demurred to the bill on the ground that it had a right to offset its liability on the Cliff bond against the sum paid out on the Hunter bond. The chancellor overruled the demurrer and allowed an appeal.

The complainant invokes the doctrine of subrogation and the defendant that of set-off. Both are equitable remedies. With respect to the former, this court, in *Dixon* v. *Morgan*, 154 Tenn., 397-398, quoted approvingly from Ruling Case Law as follows:

"It is a doctrine therefore which will be applied or not according to the dictates of equity and good conscience, and consideration of public policy, and will be allowed in all cases where the equities of the case demand it. It rests upon the maxim that no one shall be enriched by another's loss, and may be invoked wherever justice demands its application, in opposition to the technical rules of law which liberate securities with the extinguishment of the original debt. The right to it depends upon the facts and circumstances of each particular case, and to which must be applied the principles of justice. In the administration of relief by subrogation, it will be found that the jurisdiction of equity rests largely on the prevention of frauds and on relief against mistakes; and the expansion of the rule has so nearly covered the field that it may now be said that, wherever a court of equity will relieve against a transaction, it will do so by the remedy of subrogation, if that be the most efficient and complete that can be afforded."

■ With respect to set-off, in 24 Ruling Case Law, 803, it is said:

"Although the doctrine of set-off was not recognized at common law, it was so absolutely necessary to the administration of justice that a court of equity could not fail to supply it when the common law omitted it, and long prior to the statute of set-offs it had been a familiar and favorite principle of courts of chancery to adjust in one suit all conflicting demands between the parties, which were readily capable of such adjustment, where, from the relations and situation of the parties and from the nature of their mutual claims, equity and justice seemed to require a complete and speedy settlement. Consequently the jurisdiction of equity is not based upon any statutes of set-off, and would exist as well without any such statutes as it now does, and would not be in any sense affected by the repeal of those statutes."

The purpose of our set-off statute was to extend the remedy to actions at law.

It is well settled that equitable set-off will not be allowed where it would work injustice. 24 Ruling Case Law, 805; *Knaffle* v. *Trust Co.*, 128 Tenn., 181; *Fecheimer-Keifer Co.* v. *Burton,* 128 Tenn., 688.

■ It therefore becomes necessary to determine the equities of this particular cause. Unquestionably they are with the Federal Company. It never agreed to be responsible for the honesty of Cliff, and yet it has been forced to respond for his defalcation in the sum of $2,083.33. On the other hand, the Union Company did guarantee the honesty of Cliff, and received a consideration for becoming his surety. In these circumstances it would be inequitable to allow the plea of set-off invoked

by the Union Company. It is just and right that the Federal Company be substituted in the place of Hunter. The chancellor so held, and his decree will be affirmed, and the cause remanded for further proceedings.