T. S. McCoy, Complainant, Appellee, *v.* Mrs. Elizabeth Reaves Hight, O. D. Gammill and Mrs. Callie Gammill, Defendant, Appellants.

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

508

Z. T. CARNEY, for complainant, appellee.

M. NEAL SMITH, for Mrs. Hight.

E. C. PARKER, for Gammill and wife.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On August 20, 1928, Mrs. Hight, by warranty deed, conveyed a house and lot near Shelbyville to Mr. and Mrs. Gammill. The recited consideration was $2500 cash. At the request of the vendor the check was made payable to her agent, Rucker, who; out of the proceeds, discharged a mortgage debt to Woodard on the property for $1900, and paid out the balance as directed by the vendor. Woodard released his lien of record on August 25, 1928, so that on that date the Gammils had an absolute unencumbered title. They neglected to have their deed recorded until September 1st following. On August 27, 1928, complainant, McCoy, a creditor of Mrs. Hight, attached this property. Later the bill was amended so as to make the Gammills parties to the suit. They filed a cross-bill, by which they asked to be subrogated to the

mortgage of Woodard since $1900 of the consideration paid by them was applied in discharging his debt.

The chancellor entered a decree in favor of complainant against Mrs. Hight for $1265, sustained the attachment, dismissed the cross-bill, and ordered the house and lot sold in satisfaction of the decree.

Upon appeal the Court of Appeals affirmed the chancellor except as to the cross-bill, which was sustained, and the Gammills were decreed to have a first lien on the property to the extent of $1900. Complainant thereupon filed his petition for *certiorari,* which has been granted and the cause argued at the bar of this court. By the petition complainant insists that the Court of Appeals committed error in sustaining the cross-bill.

The doctrine of subrogation has no application to such facts as this record presents. Generally speaking, it may be said that the rule may be invoked when a person through fraud or mistake pays the debt of another. As was pointed out in *Dixon* v. *Morgan,* 154 Tenn., 398, it is to prevent fraud and relieve against mistakes that equity assumes jurisdiction to administer relief by subrogation. In the cause under consideration the Gammills did not pay the debt of another, neither did they make payment as a result of any fraud or mistake. They were cognizant of all the facts, paid the agreed consideration, and received that for which they bargained. There were no other claims or liens against this property. Their situation is no different from that of any other purchaser who withholds his deed from registration. They simply took a chance that a creditor of their vendor would not levy an attachment or an execution on the property.

Under our registration laws a deed is not effectual against creditors, even with actual notice of an unreg-

istered instrument, until placed of record. *Bank* v. *Noe,* 86 Tenn., 29; *Douglas* v. *McCorkle,* 112 Tenn., 688; *Bk. & Trust Co. of Miami* v. *Knoxville,* 158 Tenn., 147.

These decisions are based upon section 3752 of Shannon's Code, which is as follows:

"Any of said instruments not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona-fide purchasers from the makers without notice; and, in case of marriage contracts, shall be void as to existing or subsequent creditors of the husband, or purchasers from him without notice."

To grant cross-complainants the relief which they seek would be to ignore and violate this statute. The mere fact that Mrs. Hight, out of the proceeds of sale, discharged an existing lien does not in any wise alter the situation. The cause in its final analysis is one where the purchasers paid for and acquired good title to the lot, but, by neglecting to record their deed, made it possible for a creditor of their vendor to fasten a lien upon it. In these circumstances the statute provides that the attaching creditor has the superior claim to the land.

It follows that the decree of the Court of Appeals will be reversed, that of the chancellor affirmed, and the cause remanded for the execution of his decree.