J. L. HUDSON AND WIFE v. CHANDLER & CO. et al.

Eastern Section. March 19, 1932.

Petition for Certiorari denied by Supreme Court, July 2, 1932.

Charles Hays Brown, of Knoxville, for appellants, Hudson and wife.

White & Leonard, of Knoxville, for appellee, Chandler & Co.

CROWNOVER, J. This bill was filed by Hudson and wife against Chandler & Co., a copartnership, to set aside a conveyance of a house and lot in Knoxville from R. H. Leonard to defendants, acquired by foreclosure of a deed of trust to secure a note of $600 to H. D. Blanc after it had been paid and satisfied, and to enjoin an unlawful detainer proceeding before Daniel Kelly, J. P., for said property.

The defendants denied that complainants were the owners of said house and lot and that the mortgage debt had been paid and satisfied before foreclosure. Later defendants amended their answer and alleged that, thinking they had acquired a valid title from Leonard, they were forced to pay off a first mortgage of $4000 and interest due Parker, Flenniken and Claiborne then being foreclosed, which mortgage was released of record, and they paid taxes amounting to $1215.70 which was a tax lien against said property, and also released of record a mortgage of $1248.37 and interest in favor of Chandler & Co. and White & Leonard, and asked that their answer be treated as a cross bill that they might be subrogated to the rights of said mortgages on said property.

The Chancellor held that the foreclosure of the Blanc deed of trust was void as against Mrs. Blanche M. Hudson because Blanc had been paid, and therefore the deed was not valid, that complainant J. L. Hudson was estopped to question the foreclosure as he had signed a contract agreeing that Chandler & Co. might take a conveyance of the house and lot and give him (Hudson) the right to redeem, but the Chancellor further held that Chandler & Co. should be subrogated to the rights of the two above mentioned mortgages that had been released and to the tax liens, and, therefore, decreed that Chandler & Co. recover of J. L. Hudson and wife, Mrs. Blanche M. Hudson, $4000 principal and $370 interest paid to Parker, Flenniken & Claiborne and $1215.70 taxes paid on said property together with $816.80 interest from November 27, 1928, making a total of $6402.50, and that Chandler & Co. also recover of cross defendants Hudson and wife $1248.37 with $196.44 interest, totaling $1444.78, making a grand total of $7847.28, and one-half of the costs, which were decreed liens on said house and lot. The property was sold under the decree and was purchased by Chandler & Co. for $4000 and the sale was confirmed and title divested.

The cross-complainants, Chandler & Co., did not appeal from the decree, but complainants, Hudson and wife, appealed and have assigned only one error, to the effect:

That the Chancellor erred in decreeing that Chandler & Co. should be subrogated to the rights of the said mortgagees; whereas, he should have denied any relief and dismissed the cross bill.

J. L. Hudson and wife, Mrs. Blanche M. Hudson, were heavily involved in debts and had executed many mortgages on their property. They, on April 21, 1921, executed a first mortgage on said house and lot in Knoxville to Chas. W. Parker and W. T. Claiborne to secure $4000. On February 6, 1924, they executed a deed of trust on said house and lot to O. L. White, trustee, to secure a $600 note to H. D. Blanc. On September 17, 1928, they executed a deed of trust to O. L. White, trustee, to secure three notes totaling $1248.37 to Chandler & Co. and White & Leonard. On September 26, 1928, they executed another deed of trust to Cecil Anderson, trustee, to secure a note of $2912.66 to Farrar Lumber Co.

On October 11, 1928, the deed of trust in favor of H. D. Blanc was foreclosed for an alleged balance of $166.56 due, and the house and lot was sold to R. H. Leonard, who conveyed the same to Chandler & Co. pursuant to a written agreement between J. L. Hudson and Chandler & Co., which agreement provided that Hudson might pay $200 per month rent for said house and lot and other property therein described with a right to redeem within six months. He defaulted in the payments of rents and made an attempt to redeem by proposing to assume a $6000 mortgage to a building and loan company. Chandler & Co. thought they had a valid title, and in order to protect it paid off the $4000 first mortgage indebtedness with interest to Parker, Flenniken & Claiborne and deed of trust was released of record. They also paid $1215.70 taxes against said house and lot, and released the deed of trust securing themselves and White & Leonard in the sum of $1248.37. After paying and releasing the mortgages and deeds of trust Chandler & Co. proceeded to try to sell the property, when the bill was filed in this cause with result above stated.

We are of the opinion that the assignment of error is not well made and must be overruled for the reason that Chandler & Co. acted in good faith in purchasing this property and in entering into the agreement with J. L. Hudson, and thought that they had a good title, but it appears that Mrs. Hudson had an interest in the property which they had not taken into account. White, trustee, acted in good faith when he foreclosed the mortgage, as it appeared on the face of the papers that Hudson and wife owed a balance of $166.56 to H. D. Blanc. It appears that Blanc did not keep a close account of

the payments made by Hudson, and Hudson found receipts and canceled checks after this suit was instituted for which the Chancellor allowed credits sufficient to satisfy the mortgage debt. R. H. Leonard acted in good faith when he purchased the property for the balance due subject to the first mortgage. By an agreement between Chandler & Co. and J. L. Hudson he conveyed the title to Chandler & Co.

Chandler & Co., of course, knew nothing about these payments and thought they had acquired a good title. Hudson defaulted in his payments of rents and made only a feeble attempt to redeem. Chandler & Co. were forced to pay off the first mortgage debt to Parker, Flenniken & Claiborne, as they were foreclosing that mortgage. They were forced to pay the taxes due or lose the property, and they released their own mortgage in order to clear up the title and to sell the property. The record shows that they acted in good faith all the way through, hence we are of the opinion that they should be subrogated to the rights of the mortgage and tax liens.

"Generally speaking, equity assumes jurisdiction to administer relief by subrogation when it is necessary to prevent fraud and to relieve against mistake." McCoy v. Hight, 162 Tenn., 507, 39 S. W. (2d), 271.

"It is a doctrine therefore which will be applied or not according to the dictates of equity and good conscience, and consideration of public policy, and will be allowed in all cases where the equities of the case demand it. It rests upon the maxim that no one shall be enriched by another's loss, and may be invoked wherever justice demands its application, in opposition to the technical rules of law which liberate securities with the extinguishment of the original debts. The right to it depends upon the facts and circumstances of each particular case, and to which must be applied the principles of justice. In the administration of relief by subrogation, it will be found that the jurisdiction of equity rests largely on the prevention of frauds and on relief against mistakes; and the expansion of the rule has so nearly covered the field that it may now be said that, wherever a court of equity will relieve against a transaction, it will do so by the remedy of subrogation, if that be the most efficient and complete that can be afforded." Dixon v. Morgan, 154 Tenn., 389. 285 S. W., 558; Federal Surety Co. v. Union Indemnity Co., 161 Tenn., 621, 33 S. W. (2d), 421.

We think that this case comes clearly within the principles laid down in the case of Dixon v. Morgan, supra, and it results that the assignment of error must be overruled and the decree of the Chancellor affirmed. A decree will be entered in this court in favor of Chandler & Co. and against J. L. Hudson and wife, Mrs. Blanche

500

M. Hudson, for the amount of the Parker, Flenniken & Claiborne mortgage debt, $4000 principal and $370 interest, and $1215.70 taxes paid on said property, together with interest on the whole of said indebtedness from November 27, 1928, to the present. Chandler & Co. will also recover of Hudson and wife $1248.37 together with interest thereon from November 27, 1928, to the present. The total of the foregoing sums will be credited with $4000, the price paid for the house and lot.

The cost of the lower court will remain as adjudged by the Chancellor, one-half to be paid by the complainants and the other half by the defendants, but the cost of the appeal is adjudged against J. L. Hudson and wife, Mrs. Blanche M. Hudson. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.