SHEA *et al. v.* RUCKER.

(*Nashville*, December Term, 1933.)

Opinion filed June 23, 1934.

STICKLEY, EXBY, MORIARTY & PIERCE, of Memphis, for appellant.

W. C. RODGERS, of Memphis, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed by the heirs at law of Dan Shea to enforce their alleged right to redeem land sold under execution. The land was sold under a decree of the federal court some years prior to the last sale and purchased by Dan Shea, who failed to record his deed. After a second sale and the purchase by Mrs. Rucker, the complainants, Dan Shea's heirs, offered to redeem (1) as holders of the legal title as between themselves and Mrs. Demarchi and (2) as assignees of Mrs. Demarchi's right of redemption. Their right of redemption was ques-

tioned by Winafred Rucker, purchaser at the subsequent judicial sale, who moved to dismiss the bill for want of equity on its face.

The chancellor overruled the motion, and upon defendant's refusal to plead further entered *pro confesso* and decree granting the relief sought by the bill. Defendant appealed and insists (1) that the chancellor erred in holding that complainants or their ancestor, Dan Shea, obtained by his purchase at the federal court sale November 2, 1919, a right to redeem from Mrs. Rucker, purchaser at an execution sale December 31, 1932, and (2) that the chancellor erred in holding that Mrs. Mary Demarchi could convey her right of redemption to complainants after the expiration of two years following the date of the federal court sale November 2, 1919, because the title of Dan Shea became absolute after that period and Mrs. Demarchi had no transferable right.

Because of Dan Shea's failure to record a conveyance under the federal court sale, it was void as to Mrs. Demarchi's creditors [*Cowan* v. *Gill,* 11 Lea, 675; *Wright* v. *Black,* 159 Tenn., 254, 17 S. W. (2d), 917, 65 A. L. R., 357; *City Nat. Bank* v. *Knoxville,* 158 Tenn., 143, 11 S. W. (2d), 853; Code, sec. 7596], and the land was subject to execution as the property of Mrs. Demarchi. *Lyle* v. *Longley,* 6 Baxt., 286. As to Mrs. Demarchi's creditors, the title was as if there had been no sale to Dan Shea.

On December 31, 1932, the land was sold under the execution from the chancery court of Shelby county as the property of Mrs. Demarchi, and purchased by the defendant Winafred Rucker, who resists redemption.

If Mrs. Demarchi had no such estate or interest as could be redeemed, she had none that could be sold

under the Rucker execution. If the land could be levied on and sold under the Rucker execution, the sale would be subject to redemption by express provision of the statute, section 7736 of the Code. The statute does not make actual ownership of the land at the time of the sale a condition precedent to the execution debtor's right to redeem it. The right follows the person. It is predicated upon sale of the judgment debtor's interest in the land, whatever that may be, not upon the character or extent of the title. Such interest as Mrs. Demarchi had in the land was sold under the execution and purchased by Winafred Rucker, and Mrs. Demarchi, as the execution debtor, could redeem it, and her resumption of title would inure to the benefit of the Sheas (*Jones* v. *Bank,* 5 Humph., 619, 42 Am. Dec., 471), because as between Shea and Mrs. Demarchi the title was in Shea; or Mrs. Demarchi could assign her right of redemption to the Shea heirs, as was done, and they could redeem as assignees of the right of redemption. *Herndon* v. *Pickard,* 5 Lea, 704; *Huffaker* v. *Bowman,* 4 Sneed, 99; *Kennedy* v. *Howard,* 6 Humph., 64; *Hepburn* v. *Kerr,* 9 Humph., 726, 51 Am. Dec., 685.

We concur in the opinion and decree of the chancellor. Affirmed.