## CITY & COUNTY BANK OF CAMPBELL COUNTY

v.

## UNITED STATES of America.

### Civ. No. 3–79–8.

United States District Court,
E. D. Tennessee, N. D.

May 16, 1979.

Richard E. Faires, Knoxville, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Knoxville, Tenn., J. V. Crockett, III, Washington, D. C., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to quiet title to certain real property in Campbell County, Tennessee presently encumbered with a federal tax lien. The Government has filed a counterclaim maintaining the superiority of its tax lien. The case was referred to a Special Master who has filed a report with this Court. The case is now before the Court on plaintiff's motion to accept the Special Master's report and the defendant's motion to reject.

The facts, which are more carefully set out in the Special Master's report, may be summarized as follows: Plaintiff bank loaned money to Cumberland Plastics, Inc. (debtor), and secured the loan by means of a duly recorded trust deed to the real property at issue here. When the debtor defaulted on the loan, the bank requested foreclosure of the trust deed. Formal notice of the trustee's foreclosure sale was timely delivered to the Internal Revenue Service (IRS). The land was sold to the bank, as the sole bidder, at the trustee's sale on March 14, 1977. The bank's bid was less than the total indebtedness owed the bank. At the time of the sale there was no recorded lien on the property. However, before the bank recorded the deed to it from the trustee, the IRS duly perfected a tax lien against the debtor and his property.

The Government contends that the validity of its tax lien as against the bank in this case is governed by the rule in Tennessee that an unrecorded deed is void as to the creditor of the vendor of the deed, including a creditor with actual notice of the conveyance. *McCoy v. Hight*, 162 Tenn. 507, 39 S.W.2d 271 (1931).

The Special Master disagreed, and concluded that the Government's tax lien does not affect the bank's interest in the property as a purchaser under Tennessee law.

In the opinion of the Court, the Special Master correctly construed federal and Tennessee law. No Tennessee court has ever applied the *McCoy* rule in a situation like this, where the vendor is the trustee acting pursuant to a trust deed. In all cases in which the rule has been applied in favor of creditors with actual notice of the conveyance, the actual vendor was the debtor of the creditor. *See McCoy, supra; City National Bank and Trust Co. of Miami v. City of Knoxville*, 158 Tenn. 143, 11 S.W.2d 853 (1928).

Furthermore, the position argued by the Government would permit the Government, when unable to avoid a senior lien on real estate, to simply await a foreclosure sale and then race the purchaser to the courthouse to file its own lien notice and deprive the purchaser, who is usually the senior lien holder on the land, of the value of his senior lien. The rule cited by the Government was never meant to be used in this fashion. No underlying policy of protecting creditors would justify endangering or upsetting duly recorded senior liens in this manner. Since the Government had actual notice of the foreclosure sale, equity cries out to protect the purchaser at that sale.

We are not sure that the rule which is relied upon by the Government would be followed by the courts of Tennessee today. We are certain that it would not be applied under the circumstances of this case.

Accordingly, it is ORDERED that defendant's motion to reject the Special Master's report be, and the same hereby is, denied. It is further ORDERED that plaintiff's motion to enter judgment in accordance with the Special Master's report be, and the same hereby is, granted.

Order Accordingly.