# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**May 26, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

C & C ALUMINUM BUILDERS
SUPPLY,

      Plaintiff/Appellee,

VS.

JOHN RYND and wife CONNIE RYND,

      Defendants,

and EDMOND PARSON,

      Defendant/Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Appeal No.
01-A-01-9804-CH-00225

Coffee Chancery
No. 95-164

APPEALED FROM THE CHANCERY COURT OF COFFEE COUNTY
AT MANCHESTER, TENNESSEE

THE HONORABLE JOHN W. ROLLINS, JUDGE

GERALD L. EWELL, JR.
HAYNES, HULL, RIEDER & EWELL, P.A.
214 North Atlantic Street
P. O. Box 878
Tullahoma, Tennessee 37388
      Attorney for Plaintiff/Appellee

ROBERT S. PETERS
SWAFFORD, PETERS & PRIEST
100 First Avenue, S.W.
Winchester, Tennessee 37398
      Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

The only issue in this case is whether the real property involved was "residential real property" and thus immune from the attachment of a material furnisher's lien. The Chancery Court of Coffee County held that the property did not fit the definition of residential real property in Tenn. Code Ann. § 66-11-146(a)(1). We affirm.

## I.

In November and December of 1994, C&C Aluminum Builders Supply (C&C) furnished materials to a contractor building a house on property in the name of Connie and John Rynd. The contractor failed to pay for the materials and C&C asserted a materialman's lien on the property. The Rynds answered and alleged that the house was on a one acre tract that they had conveyed to Edmond Parson on September 17, 1994. The deed, however, was not recorded until March 22, 1995.

C&C then amended the complaint and named Mr. Parson as a defendant. Mr. Parson adopted the defense of Tenn. Code Ann. § 66-11-146(a)(2), which prevents a mechanic's and materialman's lien from attaching to "residential real property" except in favor of a general contractor who contracts with the owner. The chancellor held that Mr. Parson was not the owner of the property at the time the lien attached; therefore, the statute did not apply in the circumstances of this case. Accordingly, the chancellor entered judgment for C&C for the amount of its lien.

## II.

"Residential real property," immunized by the legislature from the lien of a remote furnisher of materials, is defined in the statute as "a building consisting of

one (1) dwelling unit in which the owner of the real property intends to reside or resides as the owner's principal place of residence . . . ." or "a building consisting of two (2), three (3) or four (4) dwelling units where the owner of the real property intends to reside or resides in one (1) of the units as the owner's principal place of residence . . . ." Tenn. Code Ann. § 66-11-146(a)(1). As we have noted, the trial judge held that the statute did not apply to a person who was not the record owner of the property.

We think the chancellor was correct. The "owner" referred to by the legislature in Tenn. Code Ann. § 66-11-146(a)(1) must refer to the record owner. A contrary holding would create a glaring exception to the intent and effect of our registration laws. Tenn. Code Ann. § 66-26-101 provides that unregistered instruments (the list includes deeds) are effective between the parties without registration, "but as to other persons not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided." As if to make sure we understand, the legislature goes on to say, "any of such instruments not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." Tenn. Code Ann. § 66-26-103. (Emphasis added).

Liens that attach to real property before a deed conveying such property is recorded have priority over the interest of the vendee. *Hames v. Archer Paper Co.*, 319 S.W.2d 252 (Tenn. App. 1958); *City Nat'l Bank & Trust Co. vs. City of Knoxville*, 11 S.W.2d 853 (Tenn. 1928). A materialman's lien relates back to the visible commencement of operations. Tenn. Code Ann. § 66-11-104. Therefore, C&C's lien attached at least as early as November of 1994. It follows that when Mr. Parson finally recorded his deed in March of 1995, the lien had attached.

We are not persuaded to deviate from this preference for the record title. If we did, material furnishers would no longer be able to rely on the record title because their rights could be defeated by the holder of an unregistered deed. *See Thomas v. Setliffe*, 28 S.W.2d 344 (Tenn. 1930). We are convinced that the legislature did not intend this result when it enacted Tenn. Code Ann. § 66-11-146. Since the record owners, Mr. and Mrs. Rynd did not intend to use the property as their residence, the property was not residential real property.

We affirm the judgment of the lower court and remand the case to the Chancery Court of Coffee County for any further proceedings necessary. Tax the costs on appeal to the appellant.

                                 _____
                                 BEN H. CANTRELL,
                                 PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
PATRICIA J. COTTRELL, JUDGE