Railroad *v.* Henderson.

to be sustainable. The rule of the common law was based on the idea, that to allow a party to sue on an assignment of a chose in action savored of maintenance, and tended to stir up litigation, and was equally applicable to all choses, except negotiable papers, forbidding the assignment of a bond or simple contract, as well as a right to sue for a wrong done the party in his person or property, and, as far as we can see, on precisely the same grounds. Thus Mr. Chitty, in his work on Pleading, vol. 1, s. p. 10, 3 Am. ed., says that choses in action are not assignable at common law, and so is the well-known principle. But in stating what is meant by this, he says: "Where a party with whom a bond, simple contract, or other mere personal contract, was made, has assigned his interest therein to a third person, the latter cannot in general sue in his own name, personal contracts being choses in action, which are not in general assignable at law, so as to give the assignee a right of action in *his own name,* but he must proceed in that of the assignor, or if dead, his representative." So Mr. Cornyn, vol. 2, p. 567, on contracts, lays down the rule of non-assignability that "no chose in action could be assigned or granted over at common law, because it was thought to be a great encouragement to litigiousness if a man were allowed to make over to a stranger his right of going to law." This nicety, he says, however, is now disregarded, and the assignment is held to be "an agreement to permit the assignee to use the assignor's name in order to recover possession." Therefore, where a

debt or bond is assigned over, it must still be sued for in the assignor's name, "the person to whom transferred being rather an attorney than an assignee."

On s. p. 54, Mr. Chitty, after referring to the rule as to contracts, cited before, says: "The same rule also prevails in the case of injuries *ex delicto* either to person, personal or real property." It is true this refers to non-assignability, but if non-assignability did not prevent a party from suing in the name of the assignor for his use, no reason is perceived why the same result does not follow in case of a right to sue for a tort. The reason for non-assignability in the one case is precisely the same as in the other, and is the same as now urged by counsel in this case, as tending to encourage parties to assign their right to sue the company, and thus increase litigation. I confess I do not feel the force of the argument to any great extent based on the idea of discouraging litigation, as I do not see the evil element in a free country of any legal right being asserted fairly in a court of justice. The costs necessarily incident to our litigation will always operate as a wholesome check on parties bringing merely experimental suits. The luxury is too expensive to be indulged in with much prospect of gain.

The rule, then, to be deduced from the above authorities is, that while not assignable so as to be sued on the name of the assignee at common law, yet for a long period practically the same result has been attained by using the name of the assignor for use of the assignee, the assignee being treated rather as at-

Railroad *v.* Henderson.

torney, or in the nature of one for the collection of the debt.

The case of *Morrison* v. *Deaderick*, 10 Hum., 342, is supposed to hold a contrary doctrine. It was simply held in that case, that where the suit was brought in a court of equity, in the name of an assignor for the use of the assignee, to have relief against a fraud, and the party in whose name the suit was brought died before decree, that a decree in favor of the assignee alone was void, because the act of 1825 had no application to courts of equity, but only to courts of law, the assignor being held the real complainant. The former cause was reinstated on the docket, to stand in the same plight and condition as before the death of the assignor, and, as a matter of course, would proceed in his name for the use of the assignee. This view was taken of this case in an opinion by the late Chief Justice Nicholson, at Nashville, some years ago, unreported, and is the fair result of the decision.

From this, we hold that the suit in this case was properly brought in the name of the assignor for the use of the assignee, and he may well recover in that form on the claim before us. If we confine this decision to the case before us, of tort to personal property, leaving other aspects of the question open for decision when they may arise, it can make but little difference, we may add, whether a rightful cause of action be prosecuted in the name of the party to whom it originally accrues, or in his name for the use of another. The defendant has the benefit of all

defenses in the one case he would have in the other, and if the claim is unfounded, can safely rely on the protection of the courts to shield himself from wrong. If he is liable by law, it can be of no importance practically in whose name that liability shall be asserted as against him.

Dismiss the petition and affirm the judgment.

COOPER, J., delivered an opinion, as follows:

This suit was commenced before a justice of the peace by a warrant which summoned the East Tennessee, Virginia and Georgia Railroad Company to answer the complaint of J. R. Henderson, for the use and benefit of J. L. Mathis, of a plea that it render unto said plaintiff the value of a cow belonging to said J. R. Henderson, which was lately, by the locomotive and employees of said company, killed, to the plaintiff's damage under two hundred dollars. The justice gave a judgment against the company for $32.50 damages. On appeal by the company, and trial in the Circuit Court, the jury found the matters in dispute in favor of the plaintiff, and that the defendant owes the plaintiff forty dollars, upon which judgment was rendered. On the trial, J. L. Mathis, the person for whose use the suit was brought, proved that Henderson made out an account for the value of the cow against the company, and sold and transferred the account to the witness. Henderson himself proved that he sold the claim to Mathis, without recourse.

The parties have treated the claim as being for a

debt, the tort being waived, and, in that view, the suit is upon a chose in action, in the usual form, and within the act of 1825, ch. 29, brought into the Code sec. 2795, and other sections. In such case, it is well settled that the right to use the name of the nominal plaintiff cannot be called in question by plea, or by evidence on the hearing, but only by a preliminary rule promptly made. *Cage* v. *Foster*, 5 Yer., 261; *Lynn* v. *Glidwell*, 8 Yer., 1.

It is still an open question, however, whether the doctrine of waiver applies to a pure tort unaccompanied by a conversion of the property of the plaintiff to the use of the wrongdoer or other person. In that view, the question of the right of the injured party to waive the tort not being passed upon, the suit may be treated as in damages for the tort. This is the view taken by the other members of the court, and it raises the point whether the evidence of assignment on the trial was admissible, and, if so, what effect it should have on the rights of the parties.

No reason occurs to me why the same rule should not apply to a suit brought by one person for the use of another upon a right of action in tort as applies to a similar suit upon a right of action in contract, namely, that the authority to use the name of the nominal plaintiff can only be tested by preliminary rule, not by plea, or evidence on the trial.

At common law, neither a right of action in contract or in tort was assignable, and for the same reason, that the assignment would tend to the offenses of champerty and maintenance. Of course, in that

state of the law, the bringing of a suit on either right of action in the name of one person for the use of another did not imply an assignment of the right of action, for it was not assignable, and could not be assigned. It simply implied that the person for whose use the suit was brought was the attorney to sue, not the assignee. This is still the law in a suit upon a right of action in tort if, as I think, the act of 1825, ch. 29, was intended to apply only to suits on rights of action in contract. In that view, the nominal plaintiff is still the real plaintiff, and it is a matter of no consequence to the defendant whether he sues for himself or for another. If, on the other hand, the act of 1825, ch. 29, is held to extend to rights of action in tort, then that act is a legitimate sanction to the bringing of the suit in the form adopted. In either view, the action is maintainable.

McFARLAND, J., delivered a dissenting opinion:

I regard the question in this case as of sufficient importance to require that I should state briefly my reasons for dissenting from the opinion of the majority.

That a right of action for a tort is not assignable, has been regarded as an axiom of the law. It is true that formerly the right of action upon contracts not negotiable were likewise held not assignable, and the same reasons were given for this rule that was given for the non-assignability of torts, that is, that it tended to stir up litigation and savored of maintenance. As to contracts, however, this was mod-

Railroad *v.* Henderson.

ified or obviated by allowing suits to be brought in the name of the assignor for the use of the assignee. The former was regarded as the real plaintiff, and the latter as the attorney or agent for the prosecution of the suit, the assignment being the evidence of his right to bring and prosecute the suit in this form; and to the prosecution of the suit in this form the defendant could not object, if the assignor assented to the use of his name; so that, practically, the right to sue upon contracts generally was made assignable, it only being necessary to pursue the form of suing in the name of the original party. The policy of the law was to this extent changed, and, besides, most contracts made assignable by statute. But I see no authority for saying that the policy of the law has ever been changed as to the assignment of actions of tort, or that these forms should be resorted to or encouraged in order to make such assignments effectual. Although the same reasons for non-assignability of torts was held to apply to non-negotiable contracts, yet the policy of the law has been modified as to contracts, but not as to torts; for I have not found a precedent for suing in the name of one person for the use of another in an action of tort, nor have I ever known or heard of such actions being maintained.

But it is argued that in such a case the party in whose name the suit is brought is the *real plaintiff*, and, it being his suit, no question of assignment arises; that the words, for the use, etc., should be rejected as surplusage; that the only question the defendant

could make would be to have a rule upon the attorney or party appearing, to show by what authority the name of the plaintiff is used; and if this rule be complied with, no further objection can be urged by the defendant. It is true that originally the party in whose name the action was brought was, for some purposes, regarded as the real plaintiff. Such was the theory then; but even then the words, "for the use, etc.," were not altogether rejected as surplusage, for the courts in such cases were fully cognizant of the fact that they were in this mode carrying into effect the assignment, and the nominal plaintiff would not have had the right to appropriate the recovery as if it *were in fact* his own suit.

All this becomes more apparent under our statute, which, but in effect, makes more direct and positive the general policy of the law as modified by the more recent decisions.

The act of 1825, Code, secs. 2795, 3200, in terms enacts that "in all suits prosecuted in the name of one person for the use of another, the person for whose use the suit is brought shall be held the real plaintiff of record, against whom judgment for costs shall be given, and if the nominal plaintiff die, no revivor is necessary."

However it may have been regarded before this act, it is certainly clear that such suit cannot now be regarded as the suit of the nominal plaintiff. Although such language is used in the case of *Nelson* v. *Williams*, 7 Yer., yet the statute is plain, and its effect fully recognized in *Erwin* v. *Rutherford*, 1 Yer.,

and *Burton* v. *Dees,* 4 Yer., and in both cases the sole right of the real owner of the contract to sue and control the recovery is recognized; so that it is clear, under these statutes, and decisions, that it is the suit of the person for whose use the suit is brought, and the use of the name of the nominal plaintiff is a mere matter of form.

It has been held in some cases that the proper mode of raising the question of assignment is by rule to show by what authority the name of the nominal plaintiff is used: *Cage* v. *Foster,* 5 Yer., 261; *Lynn* v. *Glidwell,* 8 Yer., 1; *Wright* v. *McLemore,* 10 Yer., 235. But these are all cases of notes or contracts transferred by delivery, and it is in all such cases assumed that it is *the character of action* that may be brought in this mode; but it is not a question here whether there is *authority* for the use of the name of the nominal plaintiff. This may be shown in express terms; but it is a question *whether such athority can be given on such an action presented* when the cause of action is a tort.

It was held in *Smith* v. *Mabry,* 9 Yer., ·313, that the act of 1825 was not intended to increase the cases in which actions might be brought in the name of one person for the use of another, and an action of detinue in this form was not sustained. It is true it appeared that the nominal plaintiff had no legal title in that case.

To hold that the only question the defendant can make is a rule to show by what authority the name of the nominal plaintiff is used, is to hold that the

question of the assignment cannot practically be made at all. The nominal plaintiff is not liable for costs, cannot object to the use of his name if he admits the assignment—probably will not want to object,—so that if he consents, or whether he does or not, if he admits the assignment the defendant cannot object further. The action must proceed. The assignment of all causes of action for torts is practically made effectual, it only being necessary to pursue the form of suing in the name of the original party. The defendant can make but the one question, or make it in but the one way, and that can do him no good. Suppose an action for assault and battery is brought in the name of A for the use of B. The defendant desires to make the question. He applies for a rule on B, to show by what authority he uses the name of A. The rule is complied with. The authority is produced—that is, the assignment; or, if this be not sufficient, A consents to the use of his name in open court, or B indemnifies A for costs, which is a useless ceremony, as A is not liable. The rule must therefore be discharged and the action proceed, and the assignment is made effectual; for the result of this action is not to make it the suit of A—it is the suit of B. By the express provisions of the statute, he is only liable for costs, and he alone has the right to control the recovery.

So it results, inevitably, that all actions of this sort are practically made assignable, and the door thrown wide open to traffic in all sorts of actions, and all the evils so long guarded against must fol-

Railroad v. Henderson.

low.  It is only necessary to follow the form of making the original party nominal plaintiff, and this is a useless form that had as well be abolished.  It will not do to say that, in a case of this character, the statutes above referred to do not apply.  It would be purely arbitrary to limit these statutes to any particular character of case.  The language is general and comprehensive.  "In all suits prosecuted in the name of one person for the use of another, the person for whose use the suit is brought shall be held the real plaintiff of record."  The only ground upon which it could with any show of reason be held that this does not apply to a case like the present, would be upon the ground that the Legislature did not have this sort of a case in mind; and that it did not, I readily admit,—but for the reason that it was never supposed that this sort of an action could be maintained in this mode.  It seems to me it would be illogical to hold that in all cases of contract where, according to the law as previously understood, an action might properly be brought in the name of one person for the use of another, the statute applies, and the person for whose use the suit is brought is the real plaintiff; but in case of tort, where this sort of an action was never supposed to be allowable, hold that the statute does not apply, and it is the suit of the nominal plaintiff, notwithstanding we know that in fact it is not, that it is in reality being presented by the person for whom it is brought, and notwithstanding the statute in terms so enacts.  And further, this construction is resorted

to in order to make all actions of tort, to all intents and purposes, practically assignable. I think it is a novel result, and will lead to bad consequences.

With great respect, therefore, for the majority opinion, I dissent from the conclusion at which that opinion arrives.