HARRY DANIELS *et al. vs.* SARAH AHARONIAN *et al.*

JULY 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill for specific performance of an alleged oral agreement between the father and mother of these parties, whereby the mother agreed to make a testamentary disposition of property devised to her by the will of her husband.   At the hearing in the superior court upon bill, answer, replication and proof and at the conclusion of the complainants' evidence, a decision was rendered denying and dismissing the bill of complaint.   A decree accordingly was entered and the cause is before us upon the complainants' appeal from the entry of such decree.

The two complainants and the four respondents are brothers and sisters, being children of Zakar Daniels, father,

and Mariam Daniels, mother, both deceased. The only one of the parties who testified in the superior court hearing was Harry Daniels, one of the complainants. Several other witnesses testified to the will of Zakar Daniels and to incidents in connection with the making of his will and of the alleged agreement by Mariam Daniels, the mother, to make in her will certain dispositions to the children of the property devised to her by her husband's will.

Immediately upon the conclusion of the complainants' evidence and without introduction of any evidence by or on behalf of any of the respondents, the transcript discloses the argument of counsel, representing apparently only one of the respondents, as follows: Mr. Kiernan: "At this time I move that the complainants' bill in equity be denied and dismissed . . . ." Then follows his argument to the court substantially upon the failure of the complainants to establish the alleged agreement or the grounds for the relief asked for in the bill of complaint.

At the end of his argument the transcript discloses that the court was about to hear argument from Mr. Semenoff, complainants' counsel, when the following colloquy between the court and counsel for certain other respondents took place. The court: "Mr. Semenoff. Have you any argument to make, Mr. Arabian?" Mr. Arabian: "I think I haven't any at this time. I don't know whether this is the proper procedure to make our motion to dismiss. I should think so. We won't have any lengthy re-trial in this matter. I should like to reserve my right to present testimony. I don't want to be precluded from putting in our case." The court: "Yes." Mr. Arabian: "I have one condition."

The argument of complainants' counsel followed immediately and at the conclusion thereof the court rendered its decision to the effect that the agreement of Mariam Daniels was made under duress and domination exercised by her husband and that equity would not grant specific performance of a contract between husband and wife which was made under such circumstances.

It is plain that the decision of the justice was not made upon any jurisdictional ground advanced by the answer—only one answer was filed—or by the argument on behalf of any of the respondents. Counsel for one respondent apparently acted as if he were willing to have the merits of the cause determined upon the evidence for the complainant as then taken; whereas counsel for several other respondents specifically refused to be bound and concluded by the evidence as it then stood, but rather insisted on reserving the right to introduce testimony on behalf of certain other respondents.

We are not aware of any proper equity practice which approves the rendering of final decision upon the merits of the cause, when all of the respondents are not in agreement as to the evidence which they desire to introduce and upon completion of which the determination of the merits is to be based. Such a practice might easily lead to the bringing of causes in equity to this court for piecemeal determination, and such a practice is to be discouraged.

We are of the opinion, at least under the existing circumstances and the inconsistent attitudes taken by the various respondents with reference to completing their evidence, that the decision of the justice as a final decision upon the merits was premature. While it is desirable to finally determine the merits of a cause in equity, if possible, when it is before us on appeal, it would be unjust to certain respondents here to make such a determination in the face of their desire, as expressed in the transcript, to introduce evidence in their own behalf.

However, counsel for respondents in such a case should consistently urge and protect the desire to introduce their evidence before determination, rather than appearing before us to urge that request only if the cause is to be decided adversely to them. In such a situation the trial court undoubtedly will cooperate. If counsel's apparently inconsistent attitude in this respect leads us, in such a future case, to con-

sider the appeal on the evidence as it stands, and to finally determine the merits thereof, without affording the parties further opportunity to present their evidence, counsel may not be heard to complain in the event that our determination may be in favor of the adverse party.

Following substantially the principle and reasoning in a recent opinion by this court, *Rhode Island Hospital Trust Co.* v. *Gilleney*, 61 R. I. 23, we are of the opinion that the cause should not be finally determined until we have the complete record and all of the evidence which the parties desire and are entitled to introduce. Accordingly, the cause should be remanded to the superior court for completion of the evidence, so far as possible before the same justice who already has heard the cause in part, and that thereafter he should enter a new decree based upon all of the evidence previously heard and such new evidence, if any, as the parties may properly present.

The appeal of the complainants is sustained in this respect, the decree appealed from is reversed, and the cause is remanded to the superior court for further hearing and other proceedings in accordance with this opinion.

*Cunningham, Semonoff & Kelly, Judah Semonoff,* for complainants.

*Arabian, Gonnella & Barad, Aram A. Arabian,* for respondents.