WALTER I. SUNDLUN *vs.* LOUIS VOLPE *et al.*

DECEMBER 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  This is a bill in equity brought by a judgment creditor of Louis Volpe, one of the respondents, to set aside a deed of real estate executed by Annie Volpe, another respondent, to Bernard Abedon, a third respondent; and also to nullify a certain mortgage of that real estate executed by the latter to another respondent, all on the ground that these conveyances were made without consideration and to hinder and defeat the rights of the judgment creditor against the debtor Louis Volpe.  The bill also seeks to have such real estate declared to be the property of Louis Volpe and to be

subject to the levy of an execution against him in favor of the complainant. The cause was heard upon bill, answer, replication and proof before a justice of the superior court.

At the conclusion of the evidence for the complainant, the respondent's attorney, without offering any evidence for them and without formally closing their case, moved "that the bill be denied and dismissed." Thereupon the trial justice, without insisting upon a formal closing of the respondent's case, proceeded to decide the merits solely upon the complainant's evidence. On such evidence he made certain findings of fact and also found that the complainant had failed to prove certain material facts which he held were necessary for the complainant to prevail upon the allegations of the bill of complaint. A decree accordingly was entered, denying the relief prayed for and dismissing the bill of complaint; and the cause is before us upon the complainant's appeal from this decree.

Nothing in the transcript of evidence shows that the respondents had closed, or intended to close, their case without the introduction of evidence in their behalf. Indeed, at the hearing before us the respondents' attorney expressly argued that they had a good defense and wanted an opportunity to present it, if this appeal were to be decided adversely to them. The attorney for the complainant argued substantially, if not entirely, for a completion of the hearing below rather than for a final determination, on this appeal, of the merits of the cause upon the evidence in the transcript.

Counsel for the parties seem to agree that they and the trial justice treated the respondents' "motion to dismiss" at the conclusion of the complainant's evidence without a formal closing of the respondents' case, as entirely appropriate in equity practice, and as being analogous to or in the nature of a motion for a nonsuit in an action at law. Apparently no consideration was given to the differences which exist between the practice in equity and that at law.

In our opinion the trial justice was in error in entertaining such a motion in the circumstances of the instant case. We have not found under our statutes, or the established practice thereunder, any warrant for such a practice in equity. In the hearing of an ordinary equity cause upon the merits, it is the duty of a trial justice to insist that the respondent's case be finally closed and that this fact appear of record in the proceedings before a decision upon the merits of that cause is made by him and before a final decree therein is entered. On the record and transcript before us, this cause is governed in principle by our opinions in *Rhode Island Hospital Trust Co.* v. *Gilleney,* 61 R. I. 23, 199 A 691 and *Daniels* v. *Aharonian,* 61 R. I. 311, 200 A. 957.

Each of these cases was an equity proceeding, wherein a substantially similar motion was made by a respondent at the conclusion of the complainant's evidence and without offering evidence or closing the case for the respondent. In each, such motion was treated substantially by the trial justice as analogous to or in the nature of a motion for a nonsuit at law. We held in these cases that such a practice was improper when a cause in equity was being heard finally on its merits. We also took occasion in the *Aharonian* case to suggest that, in such future cases, respondents might not be heard to complain if, on appeal, we treated such a motion as equivalent to the formal closing of their case.

Both of the above causes were remanded to the superior court substantially for a completion of the evidence and hearing before the trial justice who entered the decree, and for the entry of a new decree based on all the evidence which the parties desired and were entitled to present.

Since the instant cause was tried several months *before* the filing of the opinions in the *Gilleney* and *Aharonian* cases, *supra,* wherein we pointed out the impropriety of this practice in equity, and since both parties expressly have urged that the hearing on the merits be completed before a final determination is made by us, we are of the opinion that

this cause should be remanded to the superior court for the completion of the evidence, if any is desired to be introduced by the respondents, and for the formal closing of the whole cause, before the same justice who already has heard it in part; and for the entry of a new decree based upon the evidence which has already been heard by him and such additional evidence, if any, as the parties may desire and be entitled to present.

For the reasons above stated, the appeal of the complainant is sustained, the decree appealed from is reversed, without prejudice; and the cause is remanded to the superior court for the completion of the hearing and other proceedings in accordance with this opinion.

*Sigmund W. Fischer, Jr., Baker & Spicer,* for complainant.
*Waldman & Waldman,* for respondents.