DYERSBURG PRODUCTION CREDIT ASSOCIA-
TION, Appellee, v. J. W. McGUIRE, LANE GIN CO.
and FARMER'S GRAIN AND SOY BEAN CO.-LANE
GIN CO., Appellant.—289 S. W. (2d) 540.

Western Section. January 19, 1956.

Petition for Certiorari denied by Supreme Court April 5, 1956.

Franklin W. Latta and Latta Richards, Dyersburg, for appellant.

E. T. Palmer, Dyersburg, for appellee.

M. Watkins Ewell, Dyersburg, for Farmer's Grain & Soy Bean Co.

BEJACH, J. ■ This case involves a suit by the Dyersburg Production Credit Association against J. W. McGuire, Lane Gin Co., and the Farmer's Grain and Soy Bean Co., in which the complainant, Dyersburg Production Credit Association sues for the value of

cotton and soy beans allegedly raised on certain lands belonging to J. W. McGuire, encumbered by a mortgage executed by J. W. McGuire December 3, 1949; and alleged to have been purchased illegally by the defendants, Lane Gin Co. and Farmer's Grain and Soy Bean Co. There was a decree in favor of complainant, Dyersburg Production Credit Association, against the defendant, Lane Gin Co., in the net amount of $983.15, consisting of a principal sum of $984.73 with interest thereon in the sum of $313.42, making a total of $1298.15,—which total sum, however, was subject to a credit of $315, being the amount of stock owned by J. W. McGuire in the Dyersburg Production Credit Association, leaving the net balance of $983.15, for which amount judgment was entered against the defendant, Lane Gin Co. The cause was dismissed as to the Farmer's Grain and Soy Bean Co. and no appeal was taken. Process was not served on the defendant, J. W. McGuire, and he was not before the Court at the time of the hearing; consequently, the only matter that is involved on the appeal to the Court of Appeals is the decree against the Lane Gin Co. The parties will be styled as in the lower Court, complainant and defendant, there being but one defendant before this Court. Where it is necessary to distinguish between the two defendants who were before the Court in the lower Court or the defendant who was not before the Court, the parties will be called by their respective names. The record in this Court includes only the testimony of complainant's witnesses. The proof, according to the decree of the lower Court, was heard orally, but reduced to writing, and treated as though the cause had been heard regularly on depositions. At the conclusion of the complainant's proof, the defendant rested and moved for a dismissal. This was proper practice in a Chancery

suit. See Humphreys v. Humphreys, Tenn. App., 281 S. W. (2d) 270, 283–284. The chattel mortgage relied on by complainant is exhibited with the bill. It is dated December 3, 1949, and conveys "All crops of 40 acres of cotton, 100 acres of corn and 60 acres of soy beans; my one-third undivided interest in 45 acres of corn and my one-fourth undivided interest in 27 acres of cotton, or my entire interest in said crops grown or to be grown on the farms herein described during the year 1950. * * * now growing or hereafter grown or which may be planted and/or expected to mature within one year from the date hereof by whomsoever grown and/or cultivated on the hereinafter described land in the County of Dyer, 20th Civil District thereof and 17th Civil District thereof, State of Tennnessee." The mortgage also conveys certain live stock and personal property therein described, but these are not involved in the present litigation. The mortgage secures a not eof $5,800 due December 1, 1950, "together with any and all renewals and/or extensions, partial or otherwise, thereof, and second, to secure the payment of any and all additional or other advances not to exceed Fifty Eight Hundred & No/100 Dollars ($5800.00), which the Mortgagee may make to the Mortgagor within one (1) year from the date of this instrument, no matter how the same may be evidenced." There is some controversy in this litigation as to whether the $500.00 note is secured by the mortgage, under the clause quoted; but this becomes immaterial, if the mortgage in question be held inapplicable to the cotton and/or soy beans purchased by the defendant, Lane Gin Co. from the defendant, J. W. McGuire. The proof establishes that the land on which crops involved in this law suit were grown is located partly in Dyer County and partly in Obion County. Most, if not

all, of the crops in question seem to have been grown on that part of the land located in Obion County. The mortgage was recorded in Dyer County, but not in Obion County.

Defendant, the Lane Gin Co., as appellant in this Court has filed ten assignments of error, which are as follows:

I

"The court erred in finding that the Complainants had made out even a prima facie case against the defendant Lane Gin Company for the reason that they failed to prove any products purchased by Lane Gin Company were covered by any mortgage or lien in favor of Complainant.

II

"The court erred in holding that there was no issue as to the amount borrowed by grower, because defendant Lane Gin Company specifically denied that the note for $500.00 dated June 23, 1950 was secured by the alleged mortgage, dated December 24, 1949.

III

"The court erred in denying defendant Lane Gin Company's motion to dismiss the cause of action because the Complainant had failed to make out a proper case of liability against the Lane Gin Company.

IV

"The court erred in rendering any judgment against the defendant Lane Gin Company for the

reason that there is no evidence to support the finding of facts that the Lane Gin Company purchased any cotton or soybeans from J. W. McGuire on which the complainant held a valid recorded mortgage.

## V

"The court erred in holding that the defendant Lane Gin Company had either actual or constructive notice that the complainant had a mortgage against the crops of J. W. McGuire especially the crops in Obion County.

## VI

"The court erred in holding that complainant had properly identified the particular cotton or soybeans upon which they held a mortgage.

## VII

"The court erred in holding that the notice mailed on September 18, 1950, (Exhibit 2 to deposition of Mrs. Catherine Milligan) was either actual or constructive notice to the defendant Lane Gin Company.

## VIII

"The court erred in not holding the complainant was estopped from collecting from the Lane Gin Company the amount they permitted W. T. McGuire to collect as rent in which action the complainant acquiesced.

## IX

"The court erred in holding that the amount of cotton allegedly proven to be purchased by Lane Gin Company was not in fact paid to complainant.

## X.

"The court erred in re-opening said case, on April 8, 1954 because twelve terms of court had intervened."

It is not necessary to discuss these assignments of error separately. All of them except the tenth raise the question of whether or not the complainant's proof had made out a case against the defendant. The tenth assignment of error questions the action of the trial judge in reopening the case on April 8, 1954 after the intervention of twelve terms of court. Obviously the tenth assignment of error becomes immaterial if some or all of the other nine assignments of error are sustained.

Also, it is unnecessary to discuss in detail the evidence introduced by complainant, except as same applies to or throws light on two documents introduced in evidence which we think are controlling in this litigation. These two documents are the chattel mortgage itself, exhibit to the original bill, and the letter of September 18, 1950 written by Mr. Raleigh Coplen, secretary-treasurer of complainant to Mr. F. B. Milam, one of the owners and managers of defendant. The granting clause of the mortgage has been quoted above, and it is conceded that it contains no mention of land in Obion County, nor of any crops to be grown on land in Obion County. It is contended by complainant, however, that, since Mr. Franklin B. Milam, manager of defendant who was offered as a witness by complainant, testified that he was familiar with the McGuire farm and its boundaries, and since the boundaries of the land on which the mortgaged crops were to be grown are given in the mortgage, this was sufficient to warrant a holding that the mortgage in question encumbered crops to be grown on the land

so described in that part of the McGuire farm which was located in Obion County, even though same was not recorded in Obion County. This contention is coupled with the further contention that the letter of September 18, 1950, written to Mr. F. B. Milam, manager of the defendant, by Raleigh Coplen, secretary treasurer of complainant, established actual knowledge on the part of defendant of complainant's mortgage and that it, therefore, became immaterial whether or not same was recorded in Obion County. There is an additional contention that since the testimony shows that J. W. McGuire resided in Dyer County in 1949 and did not have possession of the farm described in the mortgage until January 1, 1950, that under the provisions of Code Section 7626,— the mortgage was good even as to crops to be grown in Obion County when registered in Dyer County, and that since the land lies in both Dyer County and Obion County, the mortgage could properly be recorded in either of these counties, under the provisions of Code Section 7625.

The fallacy of the first of these contentions lies in the fact that the language of the mortgage which designates the boundaries expressly excludes Obion County and limits the mortgage to crops to be grown on land in Dyer County. This language is as follows:

"The above-described property being all of the property of like kind and character owned by and in possession of the Mortgagor and which, together with the above-described crops, is now located and is usually kept on the farm of McGuire located on the Long Lane Road 2½ miles Northeast from the town of Lane *in the County of Dyer, State of Tennessee.* (Emphasis ours). This farm is bounded on the

North by 1—Cunningham; 2—Obion River, East by 1—Sellers; 2—Anderson, South by 1—Obion River; 2 Kirk, West by 1—Sellers; 2 Kirk.''

██ ██ It is the opinion of this Court that since the mortgage in question expressly limits the mortgaged crops to those now located and usually kept on the farm located in Dyer County, that same does not either convey or encumber crops in Obion County. And, since complainant had no mortgage at all on crops grown or to be grown in Obion County during the year 1950, either recorded or unrecorded, it follows that defendant could not have knowledge, either actual or constructive, of a nonexistent mortgage. Since complainant's rights were limited to that part of the crop grown on the McGuire farm located in Dyer County, the burden of proof was necessarily on complainant to establish what portion of the cotton and/or soy beans grown on the McGuire farm was grown on the part of same located in Dyer County. There is not the slightest tendency in any of the proof to carry this burden, and the defendant's motion to dismiss on complainant's proof should, therefore, have been sustained.

With reference to the letter of September 18, 1950, it is the opinion of this Court that instead of supporting the secondary contention of complainant, it refutes same and confirms the conclusion reached above that complainant had no mortgage, either recorded or unrecorded, on the crop to be grown on that part of the McGuire farm located in Obion County. This letter of September 18, 1950, (Exhibit 2, testimony of Mrs. Catherine Milligan), is as follows:

108

"Dyersburg Production Credit Association
"Telephone 411
"114 East Court Street
"Dyersburg, Tennessee

"September 18, 1950

"Mr. F. B. Milam
"Lane Gin Company
"Lane, Tennessee

"Dear Sirs:

"The Dyersburg Production Credit Association, located at 113 East Court Street, Dyersburg, Tennessee, is engaged in extending short-term credit to farmers for crop and livestock production in Dyer, Lake, Obion, Weakley, Crockett, and Gibson Counties, Tennessee.

"As security for such loans the Dyersburg Production Credit Association holds mortgages upon crops, livestock and farm equipment of the borrowers. These mortgages are recorded in the place and manner prescribed by law which is for the protection of the buyer as well as the borrowers and association.

"As you are a buyer of certain types of property on which Dyersburg Production Credit Association holds mortgages, we are attaching a list of names and addresses of some of the persons who have mortgaged their cotton and soybean crops to this association. It will be greatly appreciated if you will place the Dyersburg Production Credit Association's name on any checks you issue to any person on this list. This list is sent to you for your convenience only and is not complete. A complete list of borrowers will be supplied upon your request.

"If you have questions concerning any particular transaction involving any of the property on which we hold a lien, please inquire of the undersigned.

"Yours very truly,

"Raleigh Coplen,

"Secretary-Treasurer"

Attached to the letter is a list, by counties, of borrowers referred to in the letter. This list includes three counties, only, viz., Dyer, Gibson and Lake. J. W. McGuire's name is included in those listed in Dyer County.

Under the circumstances of this case and in the complete absence of any testimony showing or tending to show what, if any, crops of J. W. McGuire purchased by defendant were grown on that part of the McGuire farm located in Dyer County, we think the defendant in this case is entitled to the presumption that the cotton and/or soy beans purchased by him from J. W. McGuire were grown on the McGuire farm in Obion County and that defendant had a perfect right to purchase same free and clear of any claim of complainant.

The contention that Section 7625 of the Code authorized the recording of the mortgage involved in this case in either Dyer County or Obion County, because the land included in same was located partly in Dyer County and partly in Obion County, is, we think, without merit. This Code Section is as follows:

"7625 3705 (2032). Conveyances of realty shall be registered, where.—If the instrument be a conveyance, or for the conveyance of land, it shall be registered in the county where the land lies, unless it lies partly in two or more counties, and then it may be registered in either; and where it contains several

tracts of land, lying in different counties, it shall be registered in each of the counties where any of said tracts lie. (1831, ch. 90, sec. 5.)''

The mortgage involved in the instant case is not a mortgage of land located partly in two counties, to which situation, only, Code Section 7625 applies. The mortgage in the instant case is a chattel mortgage covering personal property and crops to be grown on land located partly in Dyer County and partly in Obion County, but expressly limited according to the language of the mortgage, itself, to those crops to be grown on that part of the land in Dyer County. Consequently, Section 7625 of the Code has no application to the facts of the instant case.

The contention that Code Section 7626 protects the rights of complainant in the instant case is, also, we think, without merit. This Code Section is as follows:

"7626 3706 (2033). Conveyance of personalty by residents and nonresidents.—All deeds, bills of sale, agreements, and other instruments for the conveyance or mortgage of personal property, shall be registered in the county where the vendor or person executing the same resides, and, in case of his nonresidence, where the property is. (1805, ch. 16, sec. 2; 1831, ch. 90, sec. 5.)''

As pointed out above, complainant's contention that since J. W. McGuire, the mortgagor, resided in Dyer County at the time of the execution of the mortgage, the mortgage covered crops to be grown in Obion County as well as those to be grown in Dyer County, is contradicted by the express terms of the mortgage which limit its application to those crops to be grown in Dyer County.

■ Under all the facts and circumstances of the instant case, we think the undisputed evidence offered by complainant was insufficient to establish the allegation of complainant's bill that defendant had purchased crops on which complainant held a mortgage, and the defendant's motion for dismissal should have been sustained.

If, as stated above, we had not reached the conclusion that complainant's bill should be dismissed in its entirety, we would, in any event, have felt constrained to reverse the decree of the lower court and remand the cause for a reference. Some, if not all, of the checks of defendant given in payment for the crops involved in the litigation, although made payable to J. W. McGuire, without including the name of complainant as a payee, nevertheless show on the back of same that they were endorsed by complainant. The inference is obvious that these checks were turned over by J. W. McGuire to complainant, and his account should have been credited with same; or at least, that complainant knew that defendant was purchasing the crops in question from J. W. McGuire. In view of the fact that the entire bill must be dismissed, however, this secondary aspect of the case is immaterial.

The decree of the lower court will be reversed, and a decree will be entered in this Court dismissing the bill of complainant, Dyersburg Production Credit Association. The costs of this Court and of the lower court will be adjudged against the complainant, Dyersburg Production Credit Association and its surety on the cost bond given in the lower court.

Avery, P. J., (Western Section) and Carney, J., concur.