# STATE OF TENNESSEE ex rel. Complainant, Appellant, v. H. B. HOLLAND, JR., et al., Defendants, Appellees.—367 S.W. (2d) 791.

Eastern Section. August 8, 1962.

Rehearing Denied September 12, 1962.

Certiorari Denied by Supreme Court December 14, 1962.

348

George F. McCanless, Attorney General, and David M. Pack, Assistant Attorney General, Nashville, and Robert C. Hunt, Chattanooga, for appellant.

O. W. McKenzie, Dayton, for appellees.

McAMIS, P. J. The State of Tennessee through D. W. Moulton, its Commissioner of Highways, filed the bill in this case to enjoin on equitable grounds an action at law instituted by defendant J. R. Coffman against City of Dayton to recover mortgage indebtedness due him on land previously condemned and appropriated for state highway purposes within the City of Dayton. The bill also named as defendants the mortgagors, H. B. Holland and wife. The State also filed a supplemental bill naming as a defendant Mr. O. W. McKenzie who acted as counsel for Holland and wife in the original condemnation suit and later was employed by Coffman to bring the suit sought to be enjoined.

The case was heard before the Chancellor and an advisory jury. At the close of the State's proof in chief the Chancellor, finding no proof of fraud or conspiracy to defraud the State as charged in the original and supplemental bills, sustained defendants' motion to withdraw the issues from the jury and dismiss the bill. The Chancellor then declined to make a finding appropriate to the alternative relief sought by the bill in event the State failed to carry the burden of showing fraud and conspiracy.

The State has appealed insisting a prima facie showing of fraud and conspiracy was made out but, if not, the award of $35,125.00 which the State had previously paid the mortgagors Holland and wife in the condemnation suit was on the assumption and belief that they owned the unencumbered title and that, if compelled to pay Coffman the amount due him on the mortgage debt, the State should be subrogated to his rights under the mortgage. It is further insisted the Chancellor erred in not holding that Holland and wife were constructive trustees of the award to the extent of the mortgage debt.

Defendants, appellees, on the other hand insist that since the mortgage was of record in the Register's Office of Rhea County, Coffman although admittedly aware of the suit, was under no legal duty to come forward and intervene in the original condemnation suit or advise the condemnors of his debt but was free to remain silent and thereafter sue in a separate action to recover his debt to the extent of the value of the property appropriated. They expressly rely upon sec. 23-1516 T.C.A. providing in part as follows:

"Parties bound.—All parties having any interest or rights in such lands may be made defendants and proceedings shall only cover and affect the interest of those who are actually made parties * * *."

■ We hold that, in the absence of fraud, the holder of a recorded mortgage may assume that his rights have been or will be taken into account and that his debt will be paid either out of the award or deducted from the amount thereof and subsequently paid by the condemnor and that mere failure to make known to the condemnor the existence of the mortgage does not amount to fraud either actual or constructive.

The case is quite different from the line of cases cited in the State's brief where an owner remains silent knowing that his land is the subject of litigation between rival claimants. In the case of a mortgage debt all the condemnor need do to perfect title is to withhold a sufficient amount from the award and later pay it to the mortgagee upon the execution of a proper release.

The case of Union Joint Land Bank v. Knox County, 20 Tenn.App. 273, 97 S.W.(2d) 842, is distinguishable on its facts. In that case the mortgagee, as here, was not made a party to the condemnation proceeding but was requested by an accommodation endorser on the note to see that the award for taking a portion of the land was applied on the debt and later was told that the landowner and condemnor were about to arrive at a compromise. When the compromise was later effected the County as condemnor dismissed its suit and paid the award to the owners. Thereafter, the Bank foreclosed and sought to hold the County liable for a deficiency claim on its debt although after acquiring the title by foreclosure it had resold the land for more than enough to avoid a loss. The Court found that the foreclosure was brought about with the secret intention of acquiring title and then holding the county and the accommodation endorser liable for a deficiency. As the Court commented the claim was completely devoid of equity. That case does not hold that a mortgagee is bound at his peril to intervene in the condemnation proceeding.

In this case the mortgagee knew that the condemnation suit was pending and that he had not been made a party. There is no proof, however, that he knew the jury would assess the damages on the false assumption

the State would get a title free of his encumbrance or, if not, that the mortgagors would be allowed to appropriate the money to their own use and not pay the mortgage debt.

■ A mortgage lien is a property right and, generally, the mortgagee may recover compensation directly from the condemnor, although the mortgagor has already been paid the full value of the land. See 18 Am.Jur. 869, Eminent Domain, Section 235.

Since the mortgage lien is a property right, especially in view of the statute, sec. 23-1516 T.C.A., above quoted, the mortgagee's rights can not be affected unless he is made a party to the condemnation proceeding. The Chancellor correctly held Coffman not estopped or otherwise barred from enforcing his claim for compensation. The evidence falls short of a prima facie showing that he participated in a conspiracy or fraudulent scheme to defraud the State.

Upon the remand hereinafter directed, Coffman will be allowed to assert his claim under his cross bill.

■ We can not agree, however, that the State is without remedy as to Holland and wife. We have read with great care the testimony and the charge of the Court in the original condemnation suit against Holland and wife. There is no proof anywhere in that record that the property sought to be condemned was encumbered in any way. It must, therefore, be assumed that in arriving at the award of $35,125.00 the jury as stated by the foreman of the jury found the value of the property to be $33,-000.00, found $2,000.00 incidental damages and awarded $125.00 as moving expense.

The defendants Holland and wife, of course, were well aware that their property was encumbered for more than $17,000.00. They also knew that the State through error, oversight or negligence of its representatives in examining or failing to examine the title was ignorant of the encumbrance. They also knew that the Court and jury were not aware of its existence. They remained silent when it was their duty in all good conscience and honesty to speak and accepted the money rightfully due the mortgagee knowing that he would have an action against the condemnor to recover a second time for the same property. Under these circumstances, to the extent of the mortgage debt they took the money charged with a constructive trust. A court of equity will not allow them to appropriate trust funds and be unjustly enriched in this manner.

Equity will raise a constructive trust when necessary to justify the ends of justice, to prevent a fraud or the commission of a wrong by any form of unconscionable conduct, artifice or concealment or when a person holds the legal title to property he ought not to hold and enjoy. Covert v. Nashville, etc. Ry. Co., 186 Tenn. 142, 208 S.W.(2d) 1008, 1 A.L.R.(2d) 154; Central Bus Lines v. Hamilton Nat. Bank, 34 Tenn.App. 480, 239 S.W.(2d) 583; Hoffner v. Hoffner, 32 Tenn.App. 98, 221 S.W.(2d) 907.

If he had chosen to do so Coffman could have followed this fund into the hands of Holland and wife and subjected it to his claim even though as we have held he also had an action against the condemnor.

"It is a general and well established rule that, when mortgaged property is taken by eminent domain, or dam-

aged to such an extent that the security of the mortgage is impaired, the mortgagee's rights against the land follow the award, and he may have the mortgage debt satisfied out of that fund * * *.'' 18 Am.Jur. 868.

The award, to the extent of the property appropriated to a public use, is a substitute for the property so taken and, in equity, the mortgagee has a lien on the award to the extent of his unpaid debt. City of Chicago v. Salinger et al., 384 Ill. 515, 52 N.E.(2d) 184, 154 A.L.R. 1104 and annotation p. 1110.

We can think of no reason why in equity and good conscience the State should not be subrogated to this right.

Subrogation is an instrument of equity and will be applied when necessary to prevent fraud or wrongdoing and to relieve against mistake. McCoy v. Hight, 162 Tenn. 507, 39 S.W.(2d) 271; Hudson v. Chandler & Co., 14 Tenn.App. 496.

The doctrine of subrogation is steadily expanding in application to embrace all cases where complete justice can not be done without it. Harrison v. Harrison, 149 Tenn. 601, 605, 259 S.W. 906, 32 A.L.R. 563; Cole v. Patty, 175 Tenn. 334, 134 S.W.(2d) 1265.

We hold the State under the proof is prima facie entitled to recover over against Holland and wife any amount for which the City of Dayton may be held liable to Coffman on the mortgage debt.

As to the defendant McKenzie, it appears that out of the award he was paid a fee for his services (the amount not shown) for representing Holland and wife in the condemnation suit and approximately $12,000.00

on a loan he had previously made to them on other property not here involved. The mortgage debt due Coffman was reduced by more than $4,000.00, pending this suit, by foreclosure of the mortgage on the remainder of the land not affected by the taking for highway purposes. As a result it would appear that the State's claim over against the Hollands will possibly not exceed $14,000.00, leaving some $21,000.00 of the award not subject to the trust. This latter sum was received by the Hollands free of the trust and since it was more than sufficient to allow them to pay their loan to Mr. McKenzie, plus what we would assume, in the absence of proof, to be a reasonable fee for services rendered by him in the condemnation suit, there is no proof that he participated in the conversion of trust funds by Holland and wife. In the absence of proof we must assume he was paid out of that portion of the award not affected with a trust. Cf. State ex rel. Robertson v. Bank of Bristol, 165 Tenn. 461, 463, 55 S.W.(2d) 771; Barry v. Hensley et al., 170 Tenn. 598, 98 S.W.(2d) 102.

We think the proof fails to show that defendant McKenzie participated in a fraudulent scheme or conspiracy to defraud.

The State has assigned as error the allowance of a fee to Mr. McKenzie as provided by the note held by Coffman for acting as his attorney in foreclosing the mortgage as to the remainder of the property not taken for highway purposes. This assignment is overruled.

■■ Also assigned as error is the refusal of the Court to admit in evidence the discovery depositions of Coffman and Holland taken in the suit herein enjoined. This assignment, in failing to state the substance of the

evidence rejected or how its rejection was prejudicial, is not sufficient to comply with Rule 11 of this Court. However, we waive this violation of the Rule to the extent of holding generally that on the remand the deposition of Holland will be admissable to the extent it may be an admission against interest or contradictory of his testimony. Since the case is to stand dismissed as to Coffman the admissibility of his deposition on the remand has become a moot question.

The final question is: Should we remand the case for a new trial as to Holland and wife to allow them to introduce proof to sustain their insistence that, notwithstanding the record made by the reporter at the trial, there was evidence before the jury of the existence of the mortgage?

The State insists that when the action of the Chancellor sustaining the motion to dismiss is reversed on appeal a final decree should be entered here without remanding the case to permit defendants Holland and wife to introduce evidence.

This practice is now well established by decisions of this Court in all of which certiorari was denied by the Supreme Court. See Humphreys v. Humphreys, 39 Tenn. App. 99, 281 S.W.(2d) 270; Dyersburg Production Credit Co. v. McGuire, 40 Tenn.App. 99, 289 S.W.(2d) 540; Patterson v. Anderson Motor Co., 45 Tenn.App. 35, 319 S.W.(2d) 492.

The case is still triable here de novo even though the Chancellor empaneled an advisory jury. Sec. 27-302 T.C.A. provides:

"Issues of fact in chancery, made *upon demand of either party, and tried by jury according to the*

356

*forms of a court of law,* are not embraced in sec. 27-301, and errors in the proceedings therein had can only be corrected as errors are corrected in actions at law.'' (Italics ours.)

T.C.A. sec. 27-303 provides that all cases tried without a jury, whether at law or in equity, shall be tried de novo in the Court of Appeals.

Since the verdict of an advisory jury in chancery may be entirely rejected by the Chancellor, Gibson's Suits in Chancery 5th Ed., Section 596, p. 647, a case tried before such a jury is not within the italicized language of T.C.A. sec. 27-302, supra, and upon appeal is triable de novo as any chancery case tried without a jury. See McDade v. McDade, 45 Tenn.App. 487, 325 S.W.(2d) 575. It results that, under the cases above cited, defendants Holland and wife are not entitled to a remand to enable them to introduce proof to controvert the transcript of the evidence in the condemnation suit.

The decree of the Chancellor denying the State the right to recover against Holland and wife any amount found to be due on the Coffman mortgage is reversed and the cause remanded. Otherwise the decree of the Chancellor is affirmed.

In our discretion all costs accrued to date in both the Chancery Court and in this Court are adjudged against Holland and wife.

Cooper, J., and Gamble, Special Judge, concur.

On Petition to Rehear

Appellees have filed a petition to rehear on a number of grounds, all of which we find without merit:

 (1) The Court is not required to strike assignments of error on the ground they fail to comply with the rules but may, in the interest of justice, notice errors not formally assigned. Nance v. Winebarger, 32 Tenn. App. 229, 222 S.W.(2d) 231, 234, and cases cited; Rule 11 Court of Appeals.

(2) We reiterate our finding that there was no evidence that the jury in the original suit knew of the existence of the mortgage and that Holland and wife and their counsel were well aware of its existence. There was, therefore, no adjudication of any of the issues here involved with reference to the mortgage and Holland and wife having accepted the money knowing all the facts, as previously held, are constructive trustees.

 (3) No one acting for the State in failing to find the mortgage of record was guilty of such *culpable* negligence as would bar the State from claiming the right of subrogation. But, if so, it is settled that the negligence of subordinate officers and agents of the State is not imputable to it. State v. Ward & Briggs, 56 Tenn. 100, 121; Erwin, Admr. v. Davenport, 56 Tenn. 44, 47; 49 Am.Jur. 288, 289.

 (4) We believe we acted properly in remanding the case for the ascertainment of amount due. Coffman under the mortgage asserted in his cross bill. It is true there is a confessed judgment which was exacted of the State as a condition precedent for being allowed an injunction. The enforcement of the judgment, however, as we understand was injoined. Coffman has received the amount realized by foreclosure. He, of course, must credit the judgment with that amount as well as with the payments, if any, made to him by Holland and wife.

The enforcement of the judgment at law will be stayed until these credits have been ascertained and allowed. By filing a cross bill Coffman assumed the burden of proving the correct balance on the mortgage indebtedness.

Other questions raised by the petition do not require specific comment.

The petition to rehear is overruled at the cost of petitioners.

Cooper, J., and Gamble, Special Judge, concur.