DANIEL B. HON

*v.*

A. R. VARNELL et al.

382 S.W.2d 535.

(*Knoxville,* September Term, 1963.)

Opinion filed September 24, 1964.

JAMES C. LEE, COLLINS & LEE, Chattanooga, for complainant.

LEROY PHILLIPS, BEAN, PAYNE & PHILLIPS, Chattanooga, for defendants.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is a suit to set up, as a lost instrument, a deed allegedly executed by the defendant Eliza Varnell to her son, defendant A. R. Varnell. The complainant, Daniel B. Hon, claims to have acquired title to the property under a general warranty deed from A. R. Varnell to secure advancements made to defendant A. R. Varnell, or, on his order, to other persons.

The case was heard upon oral evidence introduced in open court. At the close of the complainant's evidence, defendants moved to dismiss the suit on the ground that complainant had failed to introduce sufficient evidence to make out a case.

The Chancellor overruled the motion, and on authority of *Humphreys v. Humphreys,* 39 Tenn.App. 99, 281 S.W. 2d 270 (1954), refused to permit defendants to introduce any proof, and determined the case on complainant's proof alone, giving judgment for complainant for $7,-106.96, the amount of the advancements, with interest, as a lien against the property described in the deed.

Defendants appealed to the Court of Appeals, and that Court, speaking through Presiding Judge McAmis, reversed the decree and remanded the cause for a new trial. The Court held that the rule, discussed in the Humphreys case and relied on by the Chancellor, did not apply in a case where, as here, the defendant had not rested his case, and that this was an example of the "wide spread misconstruction by the Bar of the Humphreys opinion."

Later cases discussing the Humphreys rule are *Dyersburg Prod. Credit Ass'n. v. McGuire,* 40 Tenn.App. 99, 289 S.W.2d 540 (1956) ; *Patterson v. Anderson Motor Co.,* 45 Tenn.App. 35, 319 S.W.2d 492 (1958), and *State ex rel. Moulton v. Holland,* 51 Tenn.App. 344, 367 S.W.2d 791 (1962). We considered that line of cases in *Melhorn v. Melhorn,* 208 Tenn. 678, 348 S.W.2d 319 (1961), but did not pass upon the rule, because that case was not properly an equity case, having been heard by the Chancellor "sitting as a jury." The case at bar, however, was not tried by the Chancellor sitting as a jury, and thus is a proper instance for our consideration of what is the proper rule.

The language on which the learned Chancellor relied is set out in *Humphreys v. Humphreys,* supra, 39 Tenn. App. at 129, 281 S.W.2d at 284:

"The trial judge should either have refused to entertain the motion for dismissal made at the end of complainant's proof, or, having entertained same and over-ruled it, he should have, thereafter, refused to permit the defendant to offer any proof."

In support of this rule, 30 C.J.S. Equity sec. 579 is cited:

"Dismissing a bill at the close of plaintiff's case, before defendant presents or rests his case, is not correct practice in equity, in the absence of express provisions to the contrary. The case being set down for hearing on the bill, answer and proof, if defendant is willing to risk his case on plaintiff's proof or rather the failure of plaintiff to prove his case, he should submit the case to the court for final hearing, and if he is not so satisfied, he should present what proof he desires or may be able to present." Sec. 579, p. 972.

The motion to dismiss in equity causes is analogous to the motion for a directed verdict in law cases. And, in *Sadler v. Draper,* 46 Tenn.App. 1, 326 S.W.2d 148 (1959), it was held:

"The defendant cannot demand a directed verdict, *as of right,* 'unless at the close of the whole evidence'; for if he rests, as he must do, in order to make such demand at the close of plaintiff's evidence, that is the close of the case, as much so as where he renews his motion at the end of all the evidence." 46 Tenn.App. at 14, 326 S.W.2d at 154.

Neither may the defendant in an equity case demand, as of right, that a motion to dismiss be entertained by the Chancellor.

In absence of a statute to the contrary, we think the correct rule of equity practice is that a Chancellor should refuse to entertain a motion to dismiss made by a defendant at close of complainant's proof unless the defendant rests his case. This rule is supported by authority in other jurisdictions: *Sundlun v. Volpe,* 62 R.I. 55, 2 A.2d 875 (1938); *In re Title of Pa Pelekane,* 21

Haw. 175, 178 (1912); *Phillips v. Phillips,* 215 Md. 28, 135 A.2d 849, 136 A.2d 862 (1957).

We think, however, this rule should not be used to entrap unwary litigants. Thus, the Chancellor should not assume that the defendant, merely by moving to dismiss, has rested his case and waived his right to put on proof. When a defendant makes such a motion at the close of complainant's proof, the Chancellor should refuse to entertain the motion unless the defendant rests his case and allows the whole matter to be disposed of. See *Patterson v. Anderson Motor Co.,* supra, and *Dyersburg Prod. Credit Ass'n. v. McGuire,* supra.

In this way, the appellate court, hearing the cause de novo, can then dispose of the case without the necessity of a remand. ''The sound and safe rule * * * is to have only one trial of all the questions involved in a cause.'' Cooper, Justice, in *Hume v. Commercial Bank of Knoxville,* 69 Tenn. 11 Lea) 220, 223 (1878).

We are satisfied with the disposition made by the Court of Appeals of all the other matters complained of in the petition and assignments of error.

Writ denied.